IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ERIC BOWERS**,<br><br>      Plaintiff,<br>v.<br><br>**ENVIRONMENTAL MECHANICAL CONTRACTORS, INC.**,<br><br><u>Serve at</u>:<br>Reg. Agt. D & A Agency Services, Inc.<br>3145 Broadway Street<br>Kansas City, MO 64111<br><br>and<br><br>**THOMAS LOSCALZO**,<br><br><u>Serve at</u>:<br>14872 W. 117th St.<br>Olathe, KS 66062<br><br>      Defendants. | Case No. 4:21-cv-717<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Eric Bowers ("Bowers"), by and through his undersigned counsel, and hereby states for his Complaint against defendants Environmental Mechanical Contractors, Inc. ("EMC") and Thomas LoScalzo ("LoScalzo" and collectively referred to herein with EMC as "Defendants") as follows:

### SUMMARY OF THE ACTION AND PARTIES

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Plaintiff is a full-time, self-employed professional photographer who resides in Kansas City, Kansas and works primarily in Kansas City, Missouri.

3. Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts architectural subjects of significance in the Kansas City, Missouri metro area. Plaintiff's portfolio was years in the making.

4. In particular, the Work depicts an angled shot of Kansas City, Missouri skyscrapers at dusk.

5. To create the Work, Plaintiff used professional-grade photography and editing equipment that he purchased for thousands of dollars.

6. To create the Work, Plaintiff invested many hours of his professional time.

7. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

8. Defendant EMC is a foreign corporation that does substantial, ongoing and continuing business in Kansas City, Missouri.

9. Upon information and belief, Defendant LoScalzo is a Kansas resident.

10. At all times relevant, Defendant LoScalzo owned, controlled, and/or operated EMC, a mechanical contracting company specializing in heating and cooling services, located in Olathe, Kansas with a business office located at 14872 W. 117th Street, Olathe, KS 66062.

11. LoScalzo personally obtained, or directed persons under his control to obtain, Plaintiff's Work and also used the Work as referenced herein to promote his business, Defendant EMC.

12. Defendants took Plaintiff's copyrighted Work without a proper license in order to nationally advertise, market and promote its business activities in downtown Kansas City, Missouri, including but not limited to commercial-grade HVAC work that Defendants advertised on their website specifically directed to downtown Kansas City, Missouri businesses.

13. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

14. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

15. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

16. Defendants are subject to personal jurisdiction in Missouri because Defendants do regular, significant, and ongoing business in Kansas City, Missouri. Defendants took and used Plaintiff's Work depicting the Kansas City, Missouri metro area to reach out to customers specifically in downtown Kansas City, Missouri to promote Defendants' work in that location.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Kansas City, Missouri in this District. Upon information and belief, Defendants engaged in infringement in this District, and Defendants are subject to personal jurisdiction in this District.

## THE COPYRIGHTED WORK AT ISSUE

18. In or about 2013, Plaintiff created a photograph entitled "high_angle_downtown_kansas_city_skyscrapers_dusk-12", which is shown below and referred to throughout as the "Work."



19. Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

20. ImageRights helped Plaintiff to register the Work with the Register of Copyrights on August 11, 2015 and Plaintiff's Work was assigned the registration number "VA 1-980-953." The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

21.     The Work is an artistic rendering of the Kansas City skyscrapers in the evening. To create the Work, Plaintiff took a series of photographs of the city skyscrapers and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

22.     For example, Plaintiff employed special artistic skill to make the lights from the street, buildings and traffic appear soft in color even in low light conditions.

23.     The photograph was the result of hundreds of photographs that Mr. Bowers sorted through and edited over several days to get the handful of images that were truly perfect- these were the images that Mr. Bowers selected for copyright protection.

24.     At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

25.     Defendants have never been licensed to use the Work at issue in this action for any purpose.

26.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

27.     Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

28.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

29.     Specifically, Defendants placed the Work on "www.emc-kc.com/" (the "Website"), a website that Defendants owned, controlled, and operated.

30.     Defendants' display of the Work was repeated and continuous.

31. Defendants displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 2** and **Exhibit 3** from Defendant's Website.

32. Defendants displayed the Work to market their business.

33. Defendants displayed the work beginning in September of 2019.

34. Shortly thereafter, ImageRights noticed that Defendants appeared to be using the Work on Defendants' Website.

35. Defendant's display of the Work is captured on their website in the following screenshot:



36. Plaintiff carefully reviewed the screenshot and in June of 2021, determined that this was his Work and that Defendant did not have any license or permission to use the Work, as they had not paid him for the use of his Work.

37. Defendants copied and distributed Bowers' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

38. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

39. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

40. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

41. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

42. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

**PLAINTIFF'S EFFORTS TO RESOLVE PRE-SUIT AND DEFENDANTS' RESPONSE**

43. Plaintiff first notified Defendants in writing of the allegations set forth herein on June 21, 2021 and asked Defendants to pay for or license the Work.

44. Plaintiff sent further notifications to Defendants on June 30, 2021 and July 7, 2021.

45. On July 7, 2021, Plaintiff received a notification back from the Defendants, stating that the image indicated is not used on their Website. However, by that time, Defendants had removed Plaintiff's copyrighted Work from their Website, and replaced it with another

7

Case 4:21-cv-00717-HFS   Document 1   Filed 10/04/21   Page 7 of 10

image.  At this time, Defendants were engaging in overt fraud; they falsely told Plaintiff that they were not using the Work and tried to fool Plaintiff into believing this story by substituting a different image into their website.

46. Plaintiff made an attempt to explain to Defendants that he was not fooled by this ruse. Plaintiff explained that he knew and observed that Defendants had simply removed Plaintiff's Work, and Plaintiff explained that the prior unauthorized use of Plaintiff's Work is still considered copyright infringement.

47. On July 15, 2021, Defendants finally agreed that a mistake was made and offered their apology as a settlement in this matter. Specifically, Defendants wrote to Plaintiff, "We are not paying for anything related to this matter. We apologized for what was used." Further, Defendants said, "We can only offer you an apology for the mistake made, we had been notified, we said sorry, and removed everything related."

48. Accordingly, Defendants have admitted to liability in this case.

49. On July 16, 2021, July 23, 2021, and July 30, 2021, Plaintiff made further attempts to resolve the matter with Defendants to no avail.

50. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

51. Defendants have refused to make any meaningful attempt to settle this matter with Plaintiff.

52. Plaintiff had no option but to engage the undersigned attorney and has agreed to pay him a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

53. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

54. Plaintiff owns a valid copyright in the Work at issue in this case.

55. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

56. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

57. Defendants performed the acts alleged in the course and scope of its business activities.

58. Plaintiff has been damaged.

59. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Eric Bowers prays for judgment against Defendants such that:

    a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

    c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

9
Case 4:21-cv-00717-HFS   Document 1   Filed 10/04/21   Page 9 of 10

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 101
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*